## CULLEY *vs.* HARDENBERGH.

An agreement to pay what an individual (who was a taxing officer of the court of chancery) should say was *a just and reasonable compensation for the services rendered*, by the complainant's solicitor, in a suit commenced in that court, and settled before decree, obliges the party so agreeing to pay the bill of costs regularly taxed by the individual named in the agreement.

ERROR to the Ulster C. P., where the cause came by appeal from a justice. Hardenbergh was plaintiff, and the case was this. The plaintiff held a mortgage made by one White, which was a lien on the defendant's house and lot. The plaintiff placed the

Culley v. Hardenbergh.

mortgage in the hands of his attorneys to be foreclosed, and they prepared the necessary papers for that purpose. On the day they sent away the bill to be filed, an arrangement was made by which the plaintiff was to assign the mortgage to one O'Neil for the sum of $350, and for the balance the defendant was to give the plaintiff his note. The assignment to O'Neil was made, and the balance of the mortgage debt was stated at $80,03, and the costs of preparing the papers, &c. at $30— making $110,03 to be paid by the defendant, and a note for that amount was prepared for him to sign. But he declined signing it, saying the costs were too high. He then gave a note for the balance of the mortgage debt, $80,03, and signed another written undertaking as follows :

"I do hereby agree to pay to Jacobus Hardenbergh, Esq. such a sum of money as the Hon. Charles H. Ruggles shall say is *a just and reasonable compensation for the services render-* *ed* by Van Buren & Ostrander, in relation to the mortgage on my house and lot which was placed in their hands by the said Hardenbergh. Kingston, May 4, 1843.

WILLIAM CULLEY."

On this writing the action was brought. The plaintiff's attorneys made out a bill of costs which Judge Ruggles taxed as vice chancellor at $27,90. The plaintiff's counsel asked the judge, who was a witness on the trial, if in his opinion the amount of the bill was *a just and reasonable compensation* for the services. He replied, that the charges in the bill were *the compensation allowed by law* for the services specified in the bill. He added, that it was not usual to give notice of taxation where there is no solicitor for the defendant. There was an affidavit of the solicitor pursuant to the 130th rule of the court of chancery. The judge further testified, that at the first both parties, by their several letters, requested him to give an opinion as to *the reasonableness of the bill :* that he declined, unless both parties would make a written statement or submission of the facts.

After the bill was taxed, it was presented to the defendant

and payment demanded. Payment was refused, and then this action was brought. The C. P. decided that the plaintiff was entitled to recover; and the defendant brings the case here on a bill of exceptions.

*J. O. Linderman,* for the plaintiff in error.

*Van Buren & Ostrander,* for the defendant in error.

*By the Court,* BRONSON, Ch. J. I am of opinion that the words in the agreement, "*a just and reasonable* compensation for the services rendered" by the solicitors, mean neither more nor less than the fees or compensation *allowed by law* for the services. Nothing was claimed but taxable costs, and no question was made but that such costs ought to be paid. The objection to the bill was, that the costs were too high. And then it was agreed that Judge Ruggles should decide. Although it would have been more plain if the parties had said, costs to be taxed by Judge Ruggles; still it seems reasonably clear that such was their meaning. Two courts have already given that interpretation to the contract; and we ought not to reverse their judgment, unless we can assign a better reason for doing so than has occurred to my mind.

Judgment affirmed.